# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KALIEGH SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1550** |
| **JASON WILLIAMS, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR ORLEANS PARISH et al.** | **SECTION: "G"** |

## ORDER AND REASONS

In this litigation, Plaintiff Kaliegh Smith ("Plaintiff") brings a § 1983 claim against Jason Williams, in his official capacity as the District Attorney for Orleans Parish ("Defendant").[1] On February 28, 2023, the Court entered an Order denying Defendant's Rule 12(b)(6) motion to dismiss (the "12(b)(6) Order").[2] Pending before the Court is Defendant's "Motion to Certify Order for Immediate Appeal."[3] Plaintiff opposes the instant motion.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court now denies the motion for certification of interlocutory appeal of the 12(b)(6) Order.

## I. Background

Plaintiff brings a § 1983 claim against Defendant in his official capacity as the District Attorney for Orleans Parish.[5] Plaintiff alleges that Defendant and former Orleans Parish District

---

[1] "Louisiana law does not permit a district attorney's office to be sued in its own name." A plaintiff bringing a *Monell* claim against the office must "be brought against the district attorney in his official capacity." *See, e.g.*, *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999). Plaintiff brings the instant suit against the current Orleans Parish District Attorney in his official capacity. Rec. Doc. 1 at 1.

[2] Rec. Doc. 18.

[3] Rec. Doc. 20.

[4] Rec. Doc. 25.

[5] Rec. Doc. 1.

1

Attorneys and their assistants acted as "final policymaker[s] . . . responsible for the unconstitutional policies or customs" causing OPDA's failure to fulfill its obligations under *Brady*.[6] In December 2007, a grand jury indicted Plaintiff on one count of second-degree murder.[7] A non-unanimous jury found Plaintiff guilty of second-degree murder on February 6, 2010.[8] Plaintiff argues that OPDA withheld material exculpatory evidence regarding the credibility of the State's primary witness and "the possibility that a specific third-party may have been involved in or responsible for the offense."[9] According to the Complaint, in May 2021, "OPDA confessed to the *Brady* violations in resolution of [Plaintiff's] application for post-conviction relief."[10] On May 27, 2021, the Orleans Parish Criminal District Court vacated Plaintiff's conviction, and on June 14, 2021, the OPDA dismissed the charges.[11] Plaintiff was released from custody after nearly fourteen years in prison.[12]

Plaintiff alleges that OPDA "maintained an unconstitutional unwritten policy, practice, custom, and/or usage of failing to disclose favorable information to defendants."[13] Plaintiff brings this suit against Defendant, the current Orleans Parish District Attorney, in his official capacity, for these alleged constitutional violations committed by OPDA during the state criminal

---

[6] *Id.* at 2, 5, 11–15.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.* at 14.

[10] *Id.* at 3.

[11] *Id.* at 4.

[12] *Id.*

[13] *Id.* at 23.

proceedings.[14]

On August 5, 2022, Defendant filed a Rule 12(b)(6) motion to dismiss.[15] Defendant argued that Plaintiff failed to state a claim under § 1983 because OPDA acted on behalf of the State of Louisiana—and not a local government entity—in creating the policies regarding disclosure of material exculpatory evidence.[16] Defendant relied on two recent Fifth Circuit cases, which were both decided under Texas law, to argue that Louisiana district attorneys act on behalf of the State of Louisiana in the execution of their duties.[17] Plaintiff opposed the motion and argued Louisiana law "explicitly indicate[s] that OPDA does not act as an arm of the state even when prosecuting state crimes."[18]

On February 28, 2023, this Court denied Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's claims.[19] In the 12(b)(6) Order, the Court found that Louisiana law does not designate Louisiana district attorneys as state policymakers with respect to their decision making in evidence disclosure policies.[20] In reaching this conclusion, the Court relied on *Burge v. Parish of St. Tammany*, where the Fifth Circuit held that Louisiana district attorneys act as autonomous local policymakers with respect to the policies and practices governing their compliance with *Brady*. The Court relied on the Fifth Circuit's decision in *Burge v. Parish of St. Tammany* to find that Louisiana district attorneys act as autonomous local policymakers with respect to the policies and

---

[14] *See id.*

[15] Rec. Doc. 5.

[16] Rec. Doc. 5-1 at 8–9.

[17] *Id.*

[18] Rec. Doc. 12 at 11.

[19] Rec. Doc. 18.

[20] *Id.* at 21–22.

practices that govern their evidence disclosure duties.[21] Additionally, the Court found that the Louisiana Constitution and statutory provisions addressing the role and compensation of district attorneys do not establish that they act on behalf of the State of Louisiana.[22]

On March 18, 2023, Defendant filed the instant motion to certify the 12(b)(6) Order for immediate appeal pursuant to 28 U.S.C. § 1929(b).[23] On April 4, 2023, the Court granted Plaintiff's unopposed motion to continue the submission date on the instant motion.[24] On April 18, 2023, Plaintiff opposed the motion.[25] On April 27, 2023, the Court granted Defendant's motion for leave to file his reply brief.[26]

## II. Parties' Arguments

### A. *Defendant's Arguments in Support of the Motion to Certify for Interlocutory Appeal*

Defendant argues that this Court should certify the 12(b)(6) Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) because it meets all three criteria listed in the statute.[27] First, Defendant asserts that the issue addressed in the 12(b)(6) Order involves a controlling question of law.[28] Defendant points out that the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have held that the issue of which governmental entity a party acts on

---

[21] *Id.* at 22.

[22] *Id.* at 19–20.

[23] Rec. Doc. 20.

[24] Rec. Doc. 22.

[25] Rec. Doc. 25.

[26] Rec. Doc. 27

[27] Rec. Doc. 20-1 at 1.

[28] *Id.* at 2.

behalf of for the purposes of *Monell* liability presents a controlling question of law.[29]

Second, Defendant contends that there is "substantial ground for difference of opinion on the legal question of whether the Fifth Circuit's holding in *Burge v. Parish of St. Tammany* . . . remains good law in light of subsequent Fifth Circuit precedent."[30] Defendant notes that the Fifth Circuit has decided under Texas law that Texas district attorneys act on behalf of the state in conducting criminal prosecutions and investigations.[31] Defendant avers that if the Court had more fully considered the recent Fifth Circuit per curiam opinion in *Kimble v. Jefferson Parish Sheriff's Office*, it would conclude that Plaintiff's claims must be dismissed because "the alleged policies that [Plaintiff] complains of are attributable to Orleans Parish–not to the District Attorney's Office as an independent local governmental entity."[32] Defendant further argues that this Court's *McMillian* analysis and interpretation of several provisions of the Louisiana Revised Statutes provide substantial reasons for the Fifth Circuit to examine the Court's findings.[33] For these reasons, Defendant asserts that there is sufficient difference of opinion on a controlling question of law to warrant certification under 28 U.S.C. § 1292(b).[34]

Third, Defendant argues that a decision from the Fifth Circuit on the applicability of his defense will materially advance the termination of this litigation.[35] Defendant points out that "there are currently three other lawsuits against the District Attorney's office pending in the Eastern

---

[29] *Id.*

[30] *Id.*

[31] *Id.* at 3.

[32] *Id.* at 4.

[33] *Id.* at 5–8.

[34] *Id.* at 4.

[35] *Id.* at 9.

District of Louisiana that assert § 1983 claims based on alleged failure to disclose *Brady* evidence."[36] Defendant argues that defending against these suits on the merits places "demands on [OPDA's] limited resources [and] do[es] not facilitate the District Attorney's efforts to stem violent crime and examine claims by people serving sentences under prior convictions."[37] Thus, Defendant asserts "that guidance from the Fifth Circuit sooner rather than later serves the public interest."[38]

B.   ***Plaintiff's Arguments in Opposition to the Motion to Certify for Interlocutory Appeal***

In opposition, Plaintiff brings three arguments to support his position that an interlocutory appeal should not be certified under 28 U.S.C. § 1292(b).[39] Each argument centers on whether Defendant has satisfied the central requirement "that there be substantial ground for difference of opinion on the question of law" at issue.[40] Plaintiff points out that the Fifth Circuit has stated that "[a] district court cannot certify an order for interlocutory appeal unless all three criteria [from § 1292(b)] are present."[41] Plaintiff asserts that although "a controlling question of law is present here. . . . [the] satisfaction of only one condition is insufficient to warrant certification of this non-final Order for immediate appeal."[42]

First, Plaintiff argues that there is no substantial ground for difference of opinion as to the

---

[36] *Id.* at 9–10.

[37] *Id.* at 10.

[38] *Id.* at 11.

[39] Rec. Doc. 25 at 6.

[40] *Id.* at 1.

[41] *Id.* at 3 (citing *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981); *David v. Signal Intern., LLC*, 37 F. Supp. 3d 836, 839 (E.D. La. Oct. 14, 2014)).

[42] *Id.* at 5.

6

question of law addressed in the 12(b)(6) Order because the Fifth Circuit's decision in *Burge* controls.[43] Plaintiff states that the Fifth Circuit's decision in *Burge* "forecloses the argument that there is any substantial ground for difference of opinion as to the Court's ruling."[44] Plaintiff points out that several Judges in the Eastern District of Louisiana have found that "*Burge* does control and [] remains good and binding law following *Daves*."[45]

Second, Plaintiff argues that Defendant's motion fails because the Court's *McMillian* analysis contained a mixed application of law to fact which is inappropriate for certification.[46] Plaintiff asserts that orders addressing mixed questions of law and fact fail to meet the conditions of § 1292(b) because only pure questions of law may be certified for interlocutory appeal.[47] Plaintiff avers that Defendant's arguments "attacking different pieces of the Court's *McMillian* analysis fail to present any substantial ground for difference of opinion as to the Court's finding."[48] Thus, Plaintiff contends that Defendant has failed to present viable grounds for disagreement as to the controlling question of law underlying the Court's 12(b)(6) Order.[49]

Third, Plaintiff argues that "[i]mmediate appeal of the underlying question of law in this case will substantially delay the ultimate termination of the litigation in this case."[50] Plaintiff

---

[43] *Id.*

[44] *Id.* at 6.

[45] *Id.* at 9 (citing *Reeder v. Williams*, No. 22-4614, 2023 WL 2771481, at *3 (E.D. La. 2023); *Floyd v. Dillman*, No. 19-8769, 2023 WL 2866955, at *7, 9 (E.D. La. 2023)).

[46] *Id.* at 10.

[47] *Id.* at 9–10.

[48] *Id.* at 10.

[49] *Id.* at 12.

[50] *Id.*

7

contends that "Defendant's hope that the Fifth Circuit will reverse itself on *Burge* amounts to a request for re-litigation of already decided issues."[51] Plaintiff avers that "[t]he public interest is not served where wrongfully-convicted plaintiffs, seeking to be made whole, must bear time and expense of arguing for the continued recognition of already-controlling precedent before being allowed to proceed with the litigation brought to vindicate their Constitutional rights."[52] For these reasons, Plaintiff argues that the Court should deny Defendant's motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[53]

### C.  *Defendant's Arguments in Further Support of the Motion to Certify for Interlocutory Appeal*

In his reply, Defendant avers that he is not trying to re-litigate issues this Court already decided and merely requests for the Fifth Circuit "to rule on a question of law that has great significance in this case and beyond."[54] Defendant asserts that certifying the 12(b)(6) Order for appeal would not substantially delay the ultimate termination of the litigation because Plaintiff has not conducted any discovery in this case.[55] Defendant contends that "there are substantial reasons to conclude that the holding in *Burge* has been abrogated by the recent *en banc* decision in *Daves*."[56] Defendant avers that this Court's 12(b)(6) Order may be certified under § 1292(b) because the statute only requires that the Order "involve 'a' controlling question of law that meets

---

[51] *Id.* at 13.

[52] *Id.*

[53] *Id.*

[54] Rec. Doc. 28 at 1.

[55] *Id.* at 2.

[56] *Id.*

8

every other statutory criteria."[57] Thus, Defendant argues that this Court should certify the 12(b)(6) Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).[58]

### III. Legal Standard

Title 28, United States Code, Section 1292(b) allows for interlocutory appeals when a district court finds that a non-final order "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."[59] The moving party carries the burden of showing the necessity of interlocutory appeal.[60] The availability of appeal under § 1292(b) does not "jeopardiz[e] the usual role of not permitting an appeal until all the proceedings on the trial court level are complete."[61] An interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment."[62] The decision of whether or not to grant such a request lies within the sound discretion of the trial court.[63]

### IV. Analysis

In the 12(b)(6) Order, the Court found that Plaintiff's claims may proceed because the Orleans Parish District Attorney and his subordinates act as an independent local autonomous

---

[57] *Id.* at 6–7.

[58] *Id.* at 8.

[59] 28 U.S.C. § 1292(b); *see also In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

[60] *See Chauvin v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 06-7145 R(5), 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007) (Vance, J.) (citing *Complaint of L.L.P.&D. Marine, Inc.*, No. CIV.A. 97-1668, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998)).

[61] 10 Charles Alan Wright et al., Fed. Prac. & Proc. § 2658.2 (3d ed.).

[62] *Clark-Dietz & Assoc.-Eng'r, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983).

[63] *Swint v. Chambers Cnty Com'n*, 514 U.S. 35, 46 (1995) (explaining that in passing 28 U.S.C. § 1292, "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

every other statutory criteria."[57] Thus, Defendant argues that this Court should certify the 12(b)(6) Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).[58]

### III. Legal Standard

Title 28, United States Code, Section 1292(b) allows for interlocutory appeals when a district court finds that a non-final order "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."[59] The moving party carries the burden of showing the necessity of interlocutory appeal.[60] The availability of appeal under § 1292(b) does not "jeopardiz[e] the usual role of not permitting an appeal until all the proceedings on the trial court level are complete."[61] An interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment."[62] The decision of whether or not to grant such a request lies within the sound discretion of the trial court.[63]

### IV. Analysis

In the 12(b)(6) Order, the Court found that Plaintiff's claims may proceed because the Orleans Parish District Attorney and his subordinates act as an independent local autonomous

---

[57] *Id.* at 6–7.

[58] *Id.* at 8.

[59] 28 U.S.C. § 1292(b); *see also In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

[60] *See Chauvin v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 06-7145 R(5), 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007) (Vance, J.) (citing *Complaint of L.L.P.&D. Marine, Inc.*, No. CIV.A. 97-1668, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998)).

[61] 10 Charles Alan Wright et al., Fed. Prac. & Proc. § 2658.2 (3d ed.).

[62] *Clark-Dietz & Assoc.-Eng'r, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983).

[63] *Swint v. Chambers Cnty Com'n*, 514 U.S. 35, 46 (1995) (explaining that in passing 28 U.S.C. § 1292, "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

entity for the purposes of *Monell* claims.[64] In reaching this conclusion, the Court found that the Fifth Circuit's recent decisions on this issue under Texas law do not govern the inquiry.[65] In both his Motion to Dismiss and the instant Motion to Certify, Defendant acknowledges that this "inquiry is dependent on an analysis of state law."[66] Defendant requested that this Court evaluate jurisprudence decided under Texas law and ignore settled, binding precedent decided under Louisiana law.[67]

The Court relied on the Fifth Circuit's decision in *Burge v. Parish of St. Tammany* to find that Louisiana district attorneys act as autonomous local policymakers with respect to the policies and practices that govern their evidence disclosure duties.[68] In its analysis, the Court rejected Defendant's argument that Louisiana district attorneys act as policymakers on behalf of the State of Louisiana while establishing and executing its evidence disclosure policies.[69]

Defendant now urges the Court to certify the 12(b)(6) Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[70] Defendant argues that the 12(b)(6) Order involves a "controlling question of law" and presents "substantial ground for difference of opinion."[71] Plaintiff counters that the high standard for interlocutory appeal under 28 U.S.C. § 1292(b) is not satisfied in this case because *Burge* controls the outcome. Plaintiff points out that several other Judges in this

---

[64] Rec. Doc. 18 at 21–22.

[65] *Id.*

[66] *See, e.g.*, Rec. Doc. 20-1 at 2.

[67] *See* Rec. Doc. 5 at 1.

[68] Rec. Doc. 18 at

[69] *Id.* at 19–20.

[70] Rec. Doc. 20-1 at 1.

[71] *Id.*

District have denied Defendant's motions to dismiss similar cases for the same reasons found by this Court.[72]

As an initial matter, the Court finds that the 12(b)(6) Order does satisfy the first condition enumerated in § 1292(b) as it addressed a "central question at issue" in this litigation. However, Defendant's motion fails at the second condition enumerated in § 1292(b) because there is no substantial ground for difference of opinion on the controlling question of law implicated in this case. Every federal district court to consider this issue has reached the same conclusion that *Burge* controls.[73] Thus, the Court finds that Defendant fails to meet his high burden of showing that the 12(b)(6) Order involves a controlling issue of law as to which there is substantial ground for difference of opinion.[74] Therefore, immediate appeal of the Court's 12(b)(6) Order is not warranted under 28 U.S.C. § 1292(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Certify Order for Immediate Appeal"[75] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 20th day of June, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[72] Rec. Doc. 25 at 12–13.

[73] *See, e.g.*, *Reeder*, 2023 WL 2771481, at *3; *Floyd*, 2023 WL 2866955, at *7, 9.

[74] *La. State Conf. of NAACP v. Louisiana*, 495 F. Supp. 3d 400, 414 (M.D. La. 2020) (quoting *So. United States Trade Ass'n v. Unidentified Parties*, No. 10-1669, 2011 WL 2790182, at *2 (E.D. La. July 14, 2011)).

[75] Rec. Doc. 20.